# FEBRUARY 2, 1938

## JOHNNIE BANKS V. THE STATE.

No. 19151. Delivered December 15, 1937.
Rehearing Denied February 2, 1938.

The opinion states the case.

*A. R. Rucks,* of Angleton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of murder with malice and his punishment was assessed at death.

The testimony offered by the State shows that at the time of the commission of the alleged offense, appellant lived with J. G. Smith and family, and had lived with them for a period of approximately two and one-half years. Smith had five children at home; two boys and three girls. The oldest girl, Eugenia, was fifteen years of age; Jewel was thirteen and the youngest was eight years of age. The three girls slept in the main dwelling house across the hall from where their father slept. Appellant and the two boys occupied a house situated about one hundred feet from the main residence. At the time of the commission of the offense, the father was in Houston and the housekeeper had gone to sit up with a corpse. At about four o'clock in the morning, Eugenia discovered appellant on her bed. She asked him to get out but he demurred. The two girls shoved him out of the room, and in the struggle he caught the door and held it closed for some time to prevent anyone from coming out. He then suddenly opened the door and struck Eugenia with a gun barrel. Jewel asked him not to hit her sister, whereupon he replied: "I will shoot you," and then fired, the shot striking her in the left side, from the effect of which she died.

Appellant testified that he had been sleeping with Eugenia for the past two years; that on this particular night he and Eugenia both awakened about four o'clock and talked for quite a while; that he told her he was going to the funeral, but that she insisted that he should not go. This precipitated an argument and during the argument she got up and procured the gun which he tried to take away from her; that in the scuffle the gun was accidently discharged, striking Jewel in the left side.

The only question presented for review is the action of the trial court in overruling his motion for a new trial, based upon claimed newly discovered evidence. He alleged in his motion that since his trial, his attorneys have discovered that appellant was insane at the time of the commission of the alleged offense, and had been for some time prior thereto; that after said matter was brought to their attention, they made diligent inquiry and found a number of parties who had known appellant for years and who would testify that he was of unsound mind. The State contested this motion, and at the hearing thereof, the court heard evidence relative thereto. While a number of witnesses testified that appellant was of weak mind and a half-wit, they admitted that he possessd sufficient intelligence to know the right from the wrong—that he knew it was

wrong to kill another person. George Bingham, one of the claimed newly discovered witnesses, testified upon the hearing that he attended the trial; that he conferred with appellant's attorneys at the time of, and previous to, the trial and during such conferences advised them of appellant's mental condition. The court found that the testimony touching appellant's mental condition and claimed by them to be newly discovered, was not newly discovered. Williams v. State, 66 S. W. (2d) 306.

However, the testimony offered by appellant in support of his allegation of insanity is not sufficient, under the law, to relieve him from responsibility. Under the facts as disclosed by this record, we would not be justified in setting aside the judgment of the trial court.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant's motion for rehearing urges that our original opinion was wrong in not sustaining his claim of newly discovered evidence on the issue of insanity. We have again patiently re-examined the entire statement of facts on the original trial, as well as the evidence developed on the hearing of the motion for new trial.

After hearing all the testimony on the question of newly discovered evidence the trial court qualified the bill bringing said evidence forward with a finding upon the issue as follows:

"The ground of insanity of defendant raised for the first time on motion for new trial was not newly discovered evidence. The witness George Bingham was present in court all during the trial of the case, conferred with defendant's attorney at the time of trial, and previous thereto, and testified on the hearing of the motion that he had told defendant's attorney of the facts known to him touching the defendant's mental condition."

The finding of the most careful and conscientious trial judge who presided carries great weight with this court. The facts are quite similar to those found in Williams v. State, 125 Texas Crim. Rep., 31, 66 S. W. (2d) 306. Appellant was used as a witness just as in the case mentioned. So far as the facts reveal his testimony was clearly and intelligently given, and if

accepted by the jury as true made out a complete and perfect defense of accidental killing. It can not be denied that such defense would have perhaps been impaired if coupled with the defense of insanity. It is scarcely compatible with ordinary experience that one can remember and detail all the circumstances of a transaction, and at the same time be crazy to the extent of being excusable in the eyes of the law. Appellant was not a stranger. He had lived in one community all his life. Even the most casual inquiry from his neighbors and friends would have revealed his state of mind. If the record left this court in doubt as to whether appellant was amenable to the law we would be slow to order an affirmance, but no such doubt arises under the record.

The motion for rehearing is overruled.

*Overruled.*